IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES S. ROBINSON, #07073-084 | : | |
| Petitioner | : | |
| v. | : | Civil Action No. RWT-07-227 |
| ALBERTO GONZALES, United States Attorney General, | : | |
| | : | |
| HARLEY LAPPIN, Director, Bureau of Prisons, | : | |
| LISA J.W. HOLLINGSWORTH, Warden | : | |
| | : | |
| Respondents | : | |

o0o

**MEMORANDUM OPINION**

This is a pro se 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Charles S. Robinson ("Robinson"), a federal prisoner confined at the Federal Prison Camp in Cumberland, Maryland, challenging the denial of a discretionary sentence reduction by the Bureau of Prisons (BOP). Respondents, by their counsel, have filed a response in opposition. The Petition will be denied.

**Claims Presented**

Robinson claims that the BOP wrongfully determined him ineligible for early release based on a two-point weapons enhancement in his Pre-Sentence Report. He asserts this decision violates the Administrative Procedures Act, his Fifth Amendment right to due process, and his Eighth Amendment right to be free from cruel and unusual punishment, and improperly delegates a judicial

function to the BOP. As relief, he asks to be reconsidered for early release and placed in a Residential Re-entry Center ("RRC").[1]

## Background

On December 10, 2002, Robinson pleaded guilty to Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 846, 841 (a)(1), and 841(B)(1)(A)(viii) in the United States District Court for the Western District of Virginia. He is serving a sentence of 84 months incarceration with five years supervised release.

In the plea agreement, Robinson stipulated that his "base offense level shall be increased two levels for possession of a firearm," pursuant to U.S.S.G. § 2D1.1(b)(1). Also, Robinson's base offense level was increased two levels for a Specific Offense Characteristic in accordance with § 2D1.1(b)(1) of the Sentencing Guidelines for offenses involving a firearm as part of the plea. In the instant petition, Robinson asserts that he was not convicted of a firearm offense, and that "there were no firearms attributable to, or directly related, to his underlying drug offense." Complaint at 5.

On July 21, 2004, Robinson was determined ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) based on the two-point weapons enhancement, pursuant to BOP Program Statement 5162.04, Categorization of Offenses. On December 19, 2005, Robinson entered the BOP's Residential Drug Abuse Program ("RDAP"), completing the residential part of the program on September 19, 2006.[2] Robinson's projected release date is June 8, 2008.

---

[1] Petitioner asks for placement in a "Regional Corrections Center." There is no such named facility with the BOP, and the court, like Respondents, assumes that Petitioner refers to a RRC.

[2] RDAP consists of individual and group activities provided by drug abuse specialists in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six- to twelve-month period. 28 C.F.R. § 550.56. Treatment is comprised of three phases: 1) a unit-based residential program; 2) institutional transition; and 3) community transitional services. 28 C.F.R. § 550.56-550.59. An inmate must finish all three components for successful completion of the program. If an inmate successfully completes the first two phases of the program and is otherwise eligible, he is transferred to a RRC to participate in a community-based treatment program, the third phase of the

**Residential Drug Abuse Program**

The Violent Crime Control and Law Enforcement Act of 1994 requires the BOP to "make available appropriate substance abuse treatment for each prisoner [the BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The law provides incentives for prisoners to participate in a RDAP, including the possibility of early release from incarceration.

The BOP is vested with broad statutory discretion to administer the RDAP. Section 18 U.S.C. § 3621 provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisoners, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. §3621(e)(2)(B); see also 28 C.F.R. §550.58. The statute does not define the term "nonviolent offense."[3]

---

program. *See* 28 C.F.R. §550.59(b).

[3] Consequently, the BOP adopted a regulation in May 1995, which defined "nonviolent offense" to exclude from eligibility for early release under § 3621(e)(2)(B) those inmates whose current offense was determined to be a crime of violence as set forth in 18 U.S.C. § 924(c)(3). See Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999); see also 28 C.F.R. § 550.58. In May 1995, the BOP adopted Program Statement 5330.10 which reiterated Regulation 550.58. Additionally, in July 1995, the BOP adopted Program Statement 5162.02 "to further assist case management staff in deciding whether an inmate qualifies for early release under 18 U.S.C. § 3621(e)(2)(B) and under implementing Regulation 550.58." Program Statement 5162.02 identified offenses that may be crimes of violence and specifically provided that an individual who is convicted of a drug offense under 21 U.S.C. § 841 and received a two-level enhancement for gun possession has been convicted of a crime of violence. *Id.*

As noted by the Fourth Circuit in Pelissero, some federal courts held that possession of a firearm by a felon is not a crime of violence under 18 U.S.C. §924(c), so the BOP adopted revised Regulation 550.58 in October 1997. In its revised regulation, the BOP deleted the crime of violence definition from § 924(c), and provided that at the director's discretion inmates whose current offense was a felony involving the carrying, possession, or use of a firearm or other dangerous weapon were excluded from eligibility for early release. The BOP amended Program Statement 5330.10 to reflect this change and adopted Program Statement 5162.04, effective October 9, 1997, which provided that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." The 1997 regulation was an interim regulation which was finalized on December 22, 2000. See 65 Fed. Reg. 80745.

Pursuant to statute, the BOP has promulgated regulations outlining three prerequisites for early release eligibility: 1) the inmate must be serving a sentence for a nonviolent offense; 2) the inmate must have a substance abuse problem; and 3) the inmate must successfully complete a residential drug abuse treatment program while incarcerated.  See C.F.R. § 550.58.  Under current regulations, inmates serving a sentence for a felony offense that involved the carrying, possession or use of a firearm are categorically excluded from eligibility.  See 28 C.F.R. § 550.58(a)(1)(vi)(B).[4]

Based on these regulations, the BOP adopted Program Statement 5162.04, Categorization of Offenses.  The Program Statement interprets the regulations, listing federal offenses that the BOP has determined "crimes of violence," and identifying others which, relying on the Director's discretion to grant a sentence reduction, render inmates ineligible for early release under 18 U.S.C. § 3621(e).[5]

---

[4]  This regulation provides, in pertinent part:

(a) Additional Early Release Criteria

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmate are not eligible for early release:
>
> * * *
>
> (vi) Inmates whose current offense is a felony:
>
> * * *
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

28 C.F.R. § 550.58(a) (1)(vi)(B).

[5]  Program Statement 5162.04 states in part:

> Convictions for an offense listed below [including violations of 21 U.S.C. §§ 841 and 846] . . . may or may not satisfy the standard listed in the introductory portion of the Section 7.  At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics."  This subsection references a particular U.S. Sentencing

In <u>Lopez v. Davis</u>, 531 U.S. 230 (2001), the Supreme Court held that the BOP has the discretion to determine which prisoners may participate in the RDAP and are eligible for sentence reductions. The Court ruled that the BOP properly exercised its discretion under 18 U.S.C. § 3521(e)(2)(B) to deny early release to an inmate who was convicted of violating 21 U.S.C. § 841, and who had received a two-level enhancement at sentencing for use of a firearm. <u>See</u> <u>id.</u> at 240. The Court noted that "when an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." <u>Lopez</u>, 531 U.S. at 243. The BOP had "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." <u>Id.</u> at 244.

---

    Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

Program Statement 5162.04, Categorization of Offenses, Part 7(b).

    The example accompanying this section of Program Statement 5162.04 provides:

> Section 842 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during the commission of the offense, the court would increase the defendant's base level by two levels). This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1, application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

Program Statement 5162.04, Categorization of Benefits, Part 7(b).

In this circuit, the United States Court of Appeals for the Fourth Circuit has held that "[t]he use of guns in connection with drug offenses clearly causes one of the most violent and deadly problems our society has to deal with today. It is entirely reasonable and certainly not arbitrary for the BOP to equate gun possession and drug dealing with violence, thus supporting its [Program Statement 5162] interpretation of not being a 'nonviolent' offense." Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999).

**Analysis**

Habeas corpus relief under 28 U.S.C. § 2241 is available when a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Robinson claims that denial of eligibility for early release under RDAP violates his Fifth Amendment right to due process, the Administrative Procedures Act, and the Eighth Amendment and improperly delegates a judicial function to the BOP. For the reasons that follow, his claims are unavailing.

Due Process

To establish a due process violation, a prisoner must show deprivation of a liberty or property interest protected under the Fifth Amendment without due process of law. Convicted prisoners have no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Meachum v. Fano, 427 U.S. 215, 225 (1976). As discussed herein, the BOP is vested with broad discretionary authority under 18 U.S.C. § 3621(e) to reduce the sentence of a prisoner convicted of a nonviolent offense. Inmates who successfully complete substance abuse treatment programs do not have liberty interest in early release. See Zacher v. Tippy, 202 F. 3d 1039, 1041

(8th Cir. 2000) (stating that the "language of 18 U.S.C. § 3621 is permissive"and prisoners are not guaranteed early release); Wottlin v. Fleming, 136 F. 3d 1032, 1035 (5th Cir. 1998). Where, as here, there is no protected liberty interest in discretionary early release for completing the RDAP program, there is no constitutional claim for denial of due process. Accordingly, this claim is without merit.

Administrative Procedure Act and Abuse of Discretion

Administrative agencies, including the BOP, are required to provide notice of proposed rules and a public comment period under the Administrative Procedure Act (APA). See 5 U.S.C. § 553. The regulation which renders Robinson ineligible for early release went through the required notice and comment period. See supra note 3. There is no merit to Robinson's claim that the BOP's decision violates the APA.

The APA notice and comment period does not apply to "interpretative rules, general statement of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. §553(b)(3). BOP Program Statement 5162 is an internal agency guideline, and has not been through formal notice and comment rulemaking. See Cunningham v. Seibana, 259 F. 3d 303, 306 (4th Cir. 2001). As such, it is "entitled to respect," but only to the extent the statement has "the power to persuade." See Christensen v. Harris County, 529 U.S. 587 (2000); Skidmore v. Swift & Co. 323 U.S. 134, 140 (1944). The persuasive power of the Program Statement depends upon "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those facts which give it power to persuade, if lacking power to control." Id. at 140. Where an agency is interpreting an ambiguous regulation, deference is appropriate. See Cunningham, 259 F3d. at 307 n.1 (citations omitted).

Excluding inmates with a two-level sentence enhancement for possession of a firearm is a permissible interpretation with the power to persuade. See Venegas v. Henman, 126 F. 3d 760, 763-65 (5th Cir. 1997). The Supreme Court's acceptance in Lopez of the BOP regulation categorically excluding inmates from early release under §3621 if their felony offense involved carrying, possession or use of a firearm clearly supports this interpretation. See Lopez, 531 U.S. at 240-41. Robinson's reliance on Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005) to support his position is unavailing. Paulsen concerned an interim rule which the BOP adopted on October 15, 1997, not the current rule promulgated on December 22, 2000. Id. at 1003. The decision in Paulsen applies to federal prisoners who were categorically denied eligibility for sentence reduction under the 1997 Interim Rule from October 9, 1997, to December 21, 2000. See supra note 3. Robinson pleaded guilty in 2000 and was determined ineligible for early release in 2004, based on the later rule. Moreover, Paulsen addressed an alleged violation of APA notice requirements, not an abuse of discretion claim.

The plea agreement is clear that Robinson pleaded guilty to a drug offense in violation of 21 U.S.C. §§ 841, 846 and stipulated to the two-point weapons enhancement. In sum, the BOP acted within its discretionary authority to deny Petitioner a sentence reduction based on his gun enhancement and there is no basis to find abuse of discretion.

Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. It protects prisoners from inhumane treatment and conditions during incarceration. In order to state a claim under the Eighth Amendment, a prisoner must show the conditions of his confinement deprived him of "the minimal civilized measure of life's necessities,"

8

Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and prison officials acted with deliberate indifference in rectifying those conditions. See Wilson v. Seiter, 501 U..S. 294, 303-04 (1991).

As noted earlier, Robinson does not have a constitutional right to early release prior to the expiration of a valid sentence. See Greenholtz, 442 U.S. at 7. Robinson neither claims that he has been deprived of the "minimal measure of life's necessities," Rhodes, 452 U.S. at 304, nor that prison officials acted with sufficient culpability to deny him any "identifiable human need such as food, warmth, or exercise." Wilson v. Seiter, 501 U.S. at 304. Accordingly, this claim is without merit.

Delegation of Authority

Lastly, Robinson cites United States v. Miller, 77 F.3d 71 (4th Cir. 1995) for the proposition that the sentencing court wrongfully delegated its authority concerning substance abuse treatment. Miller concerned a sentencing court order directing the defendant to participate in the Inmate Financial Responsibility Program "at such times and in such amounts as the Bureau of Prisons and/or the Probation Office might direct." 77 F.3d at 74. Robinson's judgment does not concern an affirmative delegation of judicial function to the BOP, and is, in fact, silent in regard to drug treatment.[6] This claim is without merit.

|  |  |
|---|---|
| Date: 6/27/07 | /s/<br>ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE |

---

[6] As a special condition of supervised release, Petitioner must participate in substance abuse testing and treatment. Exhibit 1B. Contrary to Petitioner's assertions, the sentencing court did not delegate substance abuse treatment responsibility to the BOP during Robinson's incarceration.